IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROSA THOMAS | ) CASE NO. |
| Plaintiff, | ) <br> ) JUDGE |
| v. | ) <br> ) |
| PFIZER INC, | ) **NOTICE OF REMOVAL** |
| Defendant. | ) <br> ) |

TO:   The United States District Court for the
      Northern District of Ohio, Eastern Division:

Defendant Pfizer Inc. (incorrectly named in Plaintiff's Complaint as "Pfizer, Inc.") hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441, and in support thereof respectfully shows:

1.   <u>Complaint.</u>   Plaintiff filed her original Complaint in this action against Pfizer Inc. on March 14, 2007 in the Court of Common Pleas in Mahoning County, Ohio. The action is entitled *Thomas v. Pfizer, Inc.,* Case No. 07 CV 942. Pfizer Inc. received notice of Plaintiff's Complaint on April 2, 2007 when the Complaint was served upon it. The Complaint and Summons are attached as Exhibit A.

2. <u>Citizenship of Parties.</u>  There is diversity citizenship between Plaintiff and the Defendant:

    a.    Rosa Thomas is a resident of the State of Ohio.

    b.    Defendant Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.

3. <u>Amount in Controversy.</u>  State law enables Plaintiff to claim less than the federal amount-in-controversy, while actually seeking and perhaps obtaining damages in excess of $75,000.  Accordingly, the Sixth Circuit allows removal if there is a substantial likelihood or reasonable probability that the plaintiff intends to seek damages in excess of the amount-in-controversy.  *See Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6th Cir. 1993).  Plaintiff's Complaint alleges that she "…suffered a stroke…" and demands compensatory and punitive damages, along with attorneys fees, expenses, costs and interest.  Thus, there is a substantial likelihood or reasonable probability that Plaintiff intends to seek damages in excess of $75,000.

4. <u>Basis for Jurisdiction in this Court.</u>  The above-titled is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C.§ 1441(a) and (b) in that it appears from the Complaint and otherwise that this is an action between citizens of different states in which the amount of controversy exceeds $75,000.00, exclusive of interest and costs, and Defendant is not a citizen of the State of Ohio.

5. <u>Removal is Timely.</u>  A notice of removal may be filed within thirty (30) days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  Pfizer Inc. received notice of Plaintiff's Complaint against it on April 2, 2007 and was served on the same day – April 2, 2007.  Thus this notice of removal is timely as it is filed within the thirty-day period specified in 28 U.S.C. § 1446(b).

6. <u>Removal to Proper Court.</u>  This Court is part of "the district and division embracing the place where" this action was filed.  *See* 28 U.S.C. § 1446(a).

7. <u>Pleadings and Process.</u>  Pursuant to 28 U.S.C. 1446(a), a "copy of all process, pleadings, and orders served upon" Defendant is attached as Exhibit A.  Defendant has not answered or otherwise filed a responsive pleading to the Complaint.

8. Defendant will promptly serve on Plaintiff's counsel and file with the Court of Common Pleas in Mahoning County, Ohio, a true and correct copy of this Notice of Removal.  *See* 28 U.S.C. § 1446(d).

9. By filing this pleading, Defendant is making only a limited, and not general, appearance and is appearing solely for the purpose of removing this action from state to federal court.  Defendant hereby reserves all defenses and objections to Plaintiff's Complaint, including, but not limited to, lack of personal jurisdiction, improper venue, *forum non conveniens,* insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted.

- 4 -

WHEREFORE, Defendant prays that this action be removed from the Court of Common Pleas, Mahoning County, Ohio, into this Court, the United States District Court for the Northern District of Ohio, Eastern Division, for trial and determination.

                              Respectfully submitted,

                              s/ *Matthew P. Moriarty*
                              MATTHEW P. MORIARTY (0028389)
                              ANNE M. KORDAS (0065101)
                              RONALD A. MARGOLIS (0031241)
                              MMoriarty@tuckerellis.com
                              AKordas@tuckerellis.com
                              RMargolis@tuckerellis.com
                              Tucker Ellis & West LLP
                              1150 Huntington Bldg.
                              925 Euclid Ave
                              Cleveland, OH 44115-1475
                              Telephone:   216.592.5000
                              Telefax:      216.592.5009

                              Attorneys for Defendant
                              Pfizer Inc.

- 5 -

## **CERTIFICATE OF SERVICE**

      A copy of the foregoing Notice of Removal has been sent by electronic mail and regular U.S. Mail, postage prepaid, this 23rd day of April, 2007 to the following:

| | |
|---|---|
| Stuart E. Scott<br>SPANGENBERG, SHIBLEY & LIBER, LLP<br>2400 National City Center<br>1900 East 9th Street<br>Cleveland, Ohio 44114<br>ses@spanglaw.com | *Attorney for Plaintiff* |

                                            s/ *Matthew P. Moriarty*
                                            One of the Attorneys for Defendant Pfizer Inc.