Court of Common Pleas, Mahoning County
120 Market Street
Youngstown, Ohio 44503

# S U M M O N S ON COMPLAINT
Rule 4 Ohio Rules of Civil Procedure
------=========*=========------

Case No. 2007 CV 00942

| ROSA THOMAS | -vs- | PFIZER INC |
| 514 CATALINA AVE. | | % CT CORP |
| YOUNGSTOWN, OH 44504 | | 36 EAST SEVENTH ST, STE 2400 |
| | | CINCINNATI, OH 45202 |

TO: **PFIZER INC**         **% CT CORP**
                **36 EAST SEVENTH ST, STE 2400**
                **CINCINNATI, OH 45202**

   Defendant

To the above named defendant(s):  (See attached complaint for additional parties)

   You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against by in this court by the plaintiff(s) named herein.

   You are required to serve upon the plaintiff('s') attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

   The name and address of the plaintiff('s') attorney is as follows:

   STUART E SCOTT
   2400 NATIONAL CITY CENTER
   CLEVELAND OHIO 44114
   CLEVELAND OH  44114

   If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

                ANTHONY VIVO
                Mahoning County Clerk of Courts

                March 29, 2007

                By: N. Dascenzo_____
                        Deputy Clerk

Summons issued to additional defendants:

CLERK OF COURTS
MAHONING COUNTY, OHIO
MAR 14 2007
FILED
ANTHONY VIVO, CLERK

IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

| | |
|---|---|
| ROSA THOMAS<br>514 Catalina Ave.<br>Youngstown, OH 44504<br><br>Plaintiff,<br><br>vs.<br><br>PFIZER, INC.<br>c/o CT Corporation<br>36 East Seventh Street, Suite 2400<br>Cincinnati, Ohio 45202<br><br>Defendant. | CASE NO.: 07CV942<br><br>JUDGE: Evans<br><br>ASSIGNED TO COURT<br>ROOM NO. 1<br><br>**COMPLAINT**<br>[Jury Demand Endorsed Hereon] |

Now comes Plaintiff, Rosa Thomas and states for her Complaint against Pfizer, Inc., Defendant, as follows:

**NATURE OF THE ACTION**

1. This is an action for past present and future damages suffered by Plaintiff, Rosa Thomas, as a direct and proximate result of Defendant Pfizer, Inc.'s wrongful conduct including, but not limited to, the design, manufacture, distribution, testing, labeling, failure to warn of harmful side effects, warranting, and sale of the prescription drug BEXTRA®.

**PARTIES AND JURISDICTION**

2. At all times relevant, Plaintiff was and is a resident of the County of Mahoning, Ohio.

3. Defendant, Pfizer, Inc. ("Pfizer") is a Delaware corporation with its principal place of business located in New York City County in the State of New York and is

authorized to conduct, and is conducting business in the State of Ohio with its registered agent as CT Corporation, 36 East Seventh Street, Suite 2400, Cincinnati, Ohio 45202.

4. Plaintiff demands damages in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars.

5. Jurisdiction is conferred upon this Court pursuant to Rule 4.3(A) of the Ohio Rules of Civil Procedure and Ohio's "Long Arm Statute", Ohio Revised Code ("O.R.C.") Section 2307.382.

6. Venue is proper in Cuyahoga County pursuant to Rule 3(E) of the Ohio Rules of Civil Procedure. Defendant Pfizer advertised in this County, received substantial profits from sales of its pharmaceutical drugs in this County, and made material omissions and misrepresentations and breached warranties with respect to the sale and distribution of its drug BEXTRA® in this County.

## FACTUAL ALLEGATIONS

7. Pfizer is in the business of designing, manufacturing, developing, testing, labeling, promoting, distributing, warranting, and selling its product, BEXTRA®. At all times relevant, Pfizer designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold BEXTRA® in the State of Ohio.

8. Plaintiff Rosa Thomas ingested BEXTRA® as prescribed and as a result thereof, suffered a stroke on or about June of 2004.

9. At all times relevant, Plaintiff was unaware of the serious side effects and dangerous properties of the drug as more fully described herein.

10. The prescription drug at issue was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant under the trade name BEXTRA®.

11. BEXTRA® is in a class of drugs classified as non-steroidal anti-inflammatory drugs ("NSAIDs") with selective cyclooxygenase 2 inhibitory properties (COX-2 Inhibitor). It was approved by the Food and Drug Administration on November 16, 2001 for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults and painful menstrual cycles.

12. On or about April 7, 2005, and at the request of the Food and Drug Administration, Pfizer withdrew the prescription drug BEXTRA® from the market due to the statistically significant increase in risk of heart attacks, strokes and death associated with the use of BEXTRA®.

13. Defendant materially breached its obligations to consumers, including Plaintiff, Rosa Thomas, concerning the design, testing, manufacture, warning, marketing, warranting, and sale of BEXTRA®.

14. Defendant expressly and/or impliedly warranted to the public, including Plaintiff, Rosa Thomas, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that BEXTRA® was safe, effective, fit and proper for its intended use.

15. At all times relevant, Defendant was aware of the substantial risks associated with the use of BEXTRA® but failed to fully disclose same.

16. Defendant failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as Plaintiff, making the Defendant liable for Plaintiff's injuries, damages, and loss.

### FIRST CAUSE OF ACTION
(Strict Products Liability)

17. Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 16 as if fully rewritten herein.

18. At all times relevant, Defendant Pfizer manufactured, marketed, distributed, and sold the prescription drug BEXTRA®.

19. The BEXTRA® manufactured and sold by Pfizer was, at the time it left the Defendant, a defective product in that it posed serious health risks as defined under applicable Ohio Product Liability statutes, O.R.C. § 2307.71 et. seq.

20. The BEXTRA® manufactured and supplied by Pfizer was defectively designed in that, when it left the Defendant's possession and/or control, the foreseeable risks exceeded the benefits associated with its design or formulation.

21. Alternatively, the BEXTRA® manufactured and supplied by Pfizer was defectively designed in that, when it left the Defendant's possession and/or control, it was more dangerous than an ordinary consumer would expect.

22. Plaintiff further alleges that:

(a) Defendant failed to provide adequate warnings regarding the hazards associated with the use of BEXTRA®;

(b) BEXTRA® was defectively designed and unreasonably dangerous in design and composition in that other medications could achieve similar results without the risks presented by BEXTRA®; and

4

(c) Defendant's BEXTRA® failed to comply with express or implied warranty(ies) that the prescription drug was safe and effective for human consumption, upon which Plaintiff Rosa Thomas justifiably relied in electing to consume BEXTRA®.

23. Defendant sold and/or distributed BEXTRA® in a condition that posed unreasonable risks for its intended and reasonably foreseeable use. Plaintiff avers that the aforementioned prescription drug product was expected to and did reach the consumer, Plaintiff Rosa Thomas, without substantial change in condition from the time it left the control of Defendant.

24. The defective condition(s) alleged herein rendered BEXTRA® unreasonably dangerous to Plaintiff Rosa Thomas and proximately caused the injuries and damages alleged herein for which recovery is sought.

25. The risks associated with the use of BEXTRA® far outweighed its usefulness or desirability, and there existed a feasible design alternative that would have prevented the harm suffered by Plaintiff Rosa Thomas without compromising the usefulness of the prescription drug.

26. Defendant knew, or in light of reasonably available information, should have known, of the danger in its product that caused the damage for which recovery is sought. The ordinary user or consumer of BEXTRA® would not realize such dangers.

27. In using BEXTRA®, Plaintiff Rosa Thomas relied on the knowledge, skill, judgment, representations, and express or implied warranties of the Defendant. Had Plaintiff Rosa Thomas known of the actual dangers associated with the use of BEXTRA®, she would not have consumed it.

28. Defendant neglected to provide Plaintiff Rosa Thomas warnings that reasonably could have been expected to catch the attention of a reasonably prudent person under similar circumstances taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product. Further, Defendant failed to provide warnings which accurately advise an ordinary consumer of the scope, severity and likelihood of serious injury resulting from the use of BEXTRA®. Had such warnings been provided, the injuries and damages sustained by Plaintiff could have been avoided.

29. Defendant failed to provide warnings which accurately advised an ordinary physician or other licensed professional who prescribes the drug of the scope, severity and likelihood of serious injury resulting from the use of BEXTRA®.

30. Plaintiff contends that BEXTRA® failed to function as expected, and there existed feasible design alternatives equally as effective and useful that would have had a reasonable probability of preventing the harms sustained by Plaintiff.

**WHEREFORE**, Plaintiff Rosa Thomas prays for compensatory damages against Defendant Pfizer in an amount which will fully, fairly and adequately compensate her for her injuries, damages and loss.

## SECOND CAUSE OF ACTION
(Negligence)

31. Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 30 as if fully rewritten herein.

32. At all times relevant, Pfizer had a duty to exercise reasonable care in all aspects of the testing, labeling, distribution, marketing, sale, quality assurance and quality control of

BEXTRA® including the provision of accurate information, instructions, and adequate warnings for safe use to their users, consumers, supplying entities and prescribing physicians.

33. Defendant failed to exercise ordinary care in the manufacture, sale, testing, labeling, marketing, quality assurance, quality control, and/or distribution of BEXTRA® into interstate commerce in that Defendant knew or should have known that the product posed significant bodily harm and health risks. Specifically, Pfizer breached its duties and was negligent in its actions and omissions in that Defendant:

(a) Failed to adequately and appropriately test BEXTRA® before and after placing it on the market;

(b) Failed to conduct appropriate and sufficient testing on BEXTRA® which, if performed, would have conclusively shown the serious adverse effects associated with the use of the drug, including the adverse cardiovascular event at issue herein.

34. Defendant failed to exercise ordinary care in the labeling, advertising and promotions for BEXTRA®, and specifically, Defendant failed to issue adequate pre-marketing and post-marketing warning of the risk of serious bodily injury or death due to its use. Specifically, Pfizer breached its duties and was negligent in its actions and omissions in that Defendant:

(a) Failed to include adequate information or warnings with the medication that would alert the consuming public to the potential risks and serious thrombotic and cardiovascular side effects of BEXTRA® ingestion;

(b) Failed to include adequate information and/or warnings with the medication that would alert the health care community, including prescribing physicians to the risks associated with the ingestion of BEXTRA®; and

7

(c)     Failed to provide adequate post-marketing warnings or instructions after Defendant knew or should have known of the serious risks of injurious side effects and death associated with the use of the drug.

35.     Although Defendant knew or should have known that consumers such as Plaintiff, Rosa Thomas would foreseeably suffer injury as a result of Defendant's failure to exercise ordinary care as described above, Defendant continued to market its product to the consuming public.

36.     As a direct and proximate result of Defendant's negligence, Plaintiff Rosa Thomas suffered and will continue to suffer harm, economic and non-economic loss.

37.     Pfizer's conduct in failing to adequately test BEXTRA®, in failing to provide adequate pre-marketing and post-marketing warnings, in continuing to market the product when aware of the serious health risks it created, and in failing to recall the product promptly, evidences a flagrant disregard for human life so as to warrant the imposition of punitive damages.

**WHEREFORE**, Plaintiff Rosa Thomas prays for compensatory damages against Defendant Pfizer in an amount which will fully, fairly and adequately compensate her for her injuries, damages and loss, and prays for exemplary damages in an amount that will sufficiently punish and deter the wrongful conduct of Defendant, and for attorney fees and costs of this suit.

### THIRD CAUSE OF ACTION
### (Breach of Express Warranty)

38.     Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 37 as if fully rewritten herein.

8

39. Defendant expressly warranted to prospective purchasers and users, including Plaintiff Rosa Thomas, that BEXTRA® was a safe and effective treatment for the treatment of acute pain.

40. The consuming public of BEXTRA®, including Plaintiff Rosa Thomas, reasonably and foreseeably relied on Defendant's representations.

41. The BEXTRA® manufactured and sold by Defendant did not conform to these express representations.

42. As a direct and proximate result of Defendant's breach of said warranties, Plaintiff Rosa Thomas suffered injuries and will continue to suffer harm, economic and non-economic loss.

**WHEREFORE**, Plaintiff Rosa Thomas prays for compensatory damages against Defendant Pfizer in an amount which will fully, fairly and adequately compensate her for her injuries, damages and loss.

### FOURTH CAUSE OF ACTION
**(Breach of Implied Warranty of Merchantability)**

43. Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 42 as if fully rewritten herein.

44. Defendant impliedly warranted to prospective purchasers and users of BEXTRA®, including Plaintiff Rosa Thomas, that the prescription drug BEXTRA® was safe, merchantable and fit for its intended use.

45. The consuming public of BEXTRA®, including Plaintiff Rosa Thomas, reasonably and foreseeably relied on Defendant's implied representations.

46. Contrary to such implied warranty, BEXTRA® was not of merchantable quality or safe for its intended use.

9

47. As a direct and proximate result of Defendant's breach of said warranty, Plaintiff Rosa Thomas suffered injuries and will continue to suffer harm, economic and non-economic loss.

**WHEREFORE**, Plaintiff Rosa Thomas prays for compensatory damages against Defendant Pfizer in an amount which will fully, fairly and adequately compensate her for her injuries, damages and loss.

## FIFTH CAUSE OF ACTION
(Strict Liability Misrepresentation and Suppression)

48. Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 47 as if fully rewritten herein.

49. In standardized package inserts and advertising and promotional materials, Defendant intentionally made misrepresentations of material fact concerning the safety and use of BEXTRA® to the public, including Plaintiff Rosa Thomas and her physicians.

50. In reasonable reliance upon Defendant's misrepresentations, Plaintiff Rosa Thomas' physicians were induced to prescribe BEXTRA® and Plaintiff Rosa Thomas was induced to use the drug.

51. Plaintiff further alleges that Defendant fraudulently, intentionally and/or willfully and wantonly concealed material information, including adverse information regarding the safety and efficacy of BEXTRA® at times when Defendant knew, or should have known, that BEXTRA® had defects, dangers, properties and characteristics that were other than what Defendant had represented to Plaintiff Rosa Thomas and the health care industry generally. Specifically, Defendant misrepresented to and/or actively concealed from Plaintiff Rosa Thomas, the health care industry and the consuming public that:

(a)   BEXTRA® had a statistically significant increase in adverse cardiovascular side effects, including, but not limited to, myocardial infarction, thrombosis and stroke which could result in serious injury and death;

(b)   BEXTRA® was not adequately tested for the adverse cardiovascular side effects at issue before it was brought to market; and

(c)   Testing and studies identified an increased risk of injurious cardiovascular events and/or were inadequate to reasonably test the safety of the drug.

52.   Furthermore, Defendant actively sought to discredit and misinterpret clinical studies and scientific literature demonstrating the cardiovascular risk factors associated with the use of BEXTRA® so as to prevent the loss of market share.

53.   As a direct and proximate result of Defendant's misrepresentations, Plaintiff Rosa Thomas suffered damages and injuries.

**WHEREFORE**, Plaintiff Rosa Thomas prays for compensatory damages against Defendant Pfizer in an amount which will fully, fairly and adequately compensate her for her injuries, damages and loss.

### SIXTH CAUSE OF ACTION
(Negligent Misrepresentation)

54.   Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 53 as if fully rewritten herein.

55.   Defendant falsely represented to Plaintiff Rosa Thomas and her physicians that BEXTRA® was safe when used as instructed.

56.   Defendant failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of BEXTRA® and otherwise failed to exercise reasonable

11

care in communicating the information to Plaintiff Rosa Thomas and her physicians. Specifically, Defendant was negligent in that Defendant:

(a) Failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from BEXTRA® ingestion; and

(b) Failed to recall the product promptly when Defendant knew, or should have known, of the serious risks as discussed herein associated with the consumption of BEXTRA®.

57. In reasonable reliance upon Defendant's misrepresentations, Plaintiff Rosa Thomas and her physicians were induced to, and did, use BEXTRA®.

58. As a direct and proximate result of Defendant's misrepresentations, Plaintiff Rosa Thomas sustained permanent damages and injuries.

**WHEREFORE**, Plaintiff Rosa Thomas prays for compensatory damages against Defendant Pfizer in an amount which will fully, fairly and adequately compensate her for her injuries, damages and loss.

### SEVENTH CAUSE OF ACTION
(Fraud)

59. Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 58 as if fully rewritten herein.

60. Pfizer committed actual fraud by making material representations that Defendant knew were false and/or made said representations with reckless disregard for the truth or falsity of such representations, and with the intent that the consuming public rely on such material representations.

61. Plaintiff Rosa Thomas did actually and reasonably rely on said material misrepresentations and sustained injuries as a result.

12

62. Alternatively, Defendant knowingly omitted material information, which omission constitutes the active misrepresentation of a material fact, with the intent that the consuming public rely on Defendant's misrepresentations.

63. Plaintiff Rosa Thomas did actually and reasonably rely on Defendant's representations and sustained injury as a result.

**WHEREFORE**, Plaintiff Rosa Thomas prays for compensatory damages against Defendant Pfizer in an amount which will fully, fairly, and adequately compensate her for her injury, damage and loss, and prays for exemplary damages in an amount that will sufficiently punish and deter the wrongful conduct of Defendant, and for attorney fees and costs of this suit.

### EIGHTH CAUSE OF ACTION
(Violation of the Ohio Consumer Sales Practices Act)

64. Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 63 as if fully rewritten herein.

65. By reason of its conduct as alleged herein, Defendant violated the provisions of R.C. §1345.02 and/or §1345.03 by inducing Plaintiff Rosa Thomas and her physicians to use BEXTRA® through the use of false and/or misleading advertising, representations and statements.

66. As a direct and proximate result of Defendant's statutory violations, Plaintiff Rosa Thomas used, and her physicians permitted the use of BEXTRA®, which would not have occurred but for Defendant's dissemination of false and/or misleading advertising, representations and statements designed to induce its use.

67. By reason of such violations and pursuant to R.C. § 1345.09, Plaintiff Rosa Thomas is entitled to receive full and complete disclosure of all information known to Defendant concerning the dangers related to the use of BEXTRA®; to recover all of the

monies paid for these products; to be compensated for the cost of medical care arising out of their use; together with any and all other consequential damages recoverable under the law including, but not limited to, both past and future medical expenses, past and future pain and suffering, disability and emotional distress.

68. In addition, pursuant to R.C. § 1345.09, Plaintiff Rosa Thomas is entitled to recover costs, including those of a thorough investigation, reasonable attorneys' fees, and any other equitable relief as determined by this Court.

**WHEREFORE**, Plaintiff Rosa Thomas prays for recovery as provided for by R.C. § 1345.09, and as described in Paragraphs 67-68.

### NINTH CAUSE OF ACTION
(Negligence Per Se)
(Violation of O.R.C. §§ 3715.52 and 3715.64)

69. Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 68 as if fully rewritten herein.

70. By reason of its conduct as alleged herein, Pfizer violated the provisions of R.C. §§ 3715.52 and 3715.64 by manufacturing, selling and delivering a misbranded drug into the stream of commerce in Ohio.

71. As a direct and proximate result of Defendant's statutory violations, Plaintiff Rosa Thomas, as a member of the class protected by the above-mentioned statutes, sustained the damages, injuries, and death.

72. Defendant's actions and omissions as identified in this Complaint demonstrate a flagrant disregard for human life, and as a direct and proximate result, Plaintiff Rosa Thomas has been damaged and is entitled to punitive damages.

**WHEREFORE**, Plaintiff Rosa Thomas prays for compensatory damages against Defendant in an amount which will fully, fairly, and adequately compensate her for her injury, damage and loss, and prays for exemplary damages in an amount that will sufficiently punish and deter the wrongful conduct of Defendant and for attorney fees and costs of this suit.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

STUART E. SCOTT (0064834)
NICHOLAS A. DICELLO (0075745)
Counsel for Plaintiff

OF COUNSEL:

SPANGENBERG, SHIBLEY & LIBER LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio 44114
(216) 696-3232
(216) 696-3924 (FAX)
SES@Spanglaw.com
NAD@Spanglaw.com